**Affirmed as Modified; Opinion Filed July 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00101-CR

## NATALIO JUAREZ, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F13-30483-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Lang

Natalio Juarez, Jr. waived a jury and pleaded guilty to felony DWI. *See* TEX. PENAL

CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2014). The trial court assessed punishment,

enhanced by one prior felony conviction, at fifteen years' imprisonment.[1] On appeal, appellant's

attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit.

The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief

---

[1] The indictment contained two enhancement paragraphs alleging two prior felony convictions for aggravated assault with a deadly weapon. The State moved to strike the second "habitual" paragraph, and the trial court granted that motion.

presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we find three errors in the trial court's judgment. First, the judgment states terms of plea bargain are "15 years penitentiary." However, the record shows there was no plea bargain agreement. Second, the judgment does not reflect appellant's plea of true to the enhancement paragraph nor the trial court's finding that the paragraph is true. Third, the record shows the State moved to strike the "2nd habitual paragraph" in the indictment, and the trial court granted the State's motion. The judgment recites the trial court granted the "State's motion to strike 2nd Paragraph."

Accordingly, we modify the judgment to show (1) there were no plea bargain terms, (2) the plea to the enhancement paragraph is true, (3) the finding on the enhancement paragraph is true, and (4) the State's motion to strike the second "habitual" paragraph was granted. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140101F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NATALIO JUAREZ, JR., Appellant

No. 05-14-00101-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas (Tr.Ct.No. F13-30483-Y).
Opinion delivered by Justice Lang, Justices Bridges and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "None."

The section entitled "Plea to 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Findings on 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Furthermore, the following special findings or orders apply" is modified to show "State's motion to strike 2nd "habitual" paragraph granted."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 29th day of July, 2015.